CITED *in State* v. *Newark*, 1 *Dutch.* 405; *State* v. *Jersey City*, 2 *Dutch.* 448; *State* v. *City of Hudson*, 3 *Dutch.* 214; *State* v. *Jersey City*, 4 *Dutch.* 500; *State* v. *Newark*, 2 *Vr.*.363; *State* v. *Town of Orange*, 3 *Vr.* 49; *State* v. *Town of Union*, *Id.* 343; *State* v. *Morristown*, 5 *Vr.* 451; *State* v. *Jersey City*, 6 *Vr.* 389; 7 *Vr.* 193; *State* v. *Village of Passaic*, 7 *Vr.* 387; *State* v. *Trenton*, *Id.* 501; *State* v. *Elizabeth*, 8 *Vr.* 357; *State* v. *Plainfield*, 9 *Vr.* 97.

---

THE CENTRAL BANK OF NEW JERSEY v. JESSE PETERSON.

A landlord has no right to have his rent paid before removal of his tenant's goods, levied on by execution, when no certain rent is fixed between him and his tenant, and where his right to compensation is for use and occupation only.

This was a motion on behalf of Ann Coffin, who claimed to be the landlord of the defendant, to be paid the rent due and in arrear to her for the premises upon which the goods sold under the execution in this case were seized.

The motion was argued before Justices ELMER and HAINES, by Mr. *J. B. Dayton* for landlord, and Mr. *Carpenter* for plaintiff.

ELMER, J.   The sheriff having sold the goods of the defendant lying and being on certain premises in which Mrs. Ann Coffin had a life estate, she claimed to be paid a year's rent, pursuant to the statute. (*Rev. Stat.* 86, *sec.* 4.) A rule having been obtained that the sheriff pay the money into court, and that the plaintiff in the execution show cause why the rent claimed should not be paid to Mrs. Coffin, it was now moved to make this rule absolute. It appeared by a state of the case, agreed upon between the parties, that the premises occupied by the defendant, in the execution, were devised to Mrs. Coffin for life, with remainder to Mrs. Peterson, wife of said defendant. For several years before the levy and sale, the defendant resided on and occupied the land, built a large dwelling house on, and otherwise improved it. Mrs. Coffin, for several years during the existence of her said interest, from time to time received sums of money, and articles of convenience and necessity, from the said defendant; but said occupation and use of the said premises, and such compensation and payment, were had and made without any contract or agreement between them for or on account of said use and occupation, and no fixed price or rent was ever agreed upon between them. The yearly value of the premises without including the improvements made by defendant, was agreed to be five hundred dollars, and including those improvements, eight hundred dollars.

The statute under which this claim is made, was originally copied from the English statute, 8 *Anne*, *ch.* 14, § 1.   It has been since changed so as to include rent accrued up to the day of sale, whether by the terms of the lease the day of payment shall have come or not; but this change does not affect its meaning in reference to the question now in dispute   It was intended to give the landlord a specific lien on the property, against all executions, to the extent of a year's rent, co-extensive with his right of distress. (*Wood-fall* 563; 5 *Bar. & Al.* 88; 4 *Cow.* 576.) It is well settled that to entitle a landlord to distrain, a certain rent must be reserved and made payable at a certain time. (*Arch. L. & T.* 105, *and cases.*)   The cases of *Knight* v. *Bennett*, 3 *Bingh.*

361, and *Cox* v. *Bent and others*, 5 *Bing.* 185, hold that although no certain rent or time of payment were originally agreed on, yet if a specific yearly or quarterly rent was actually paid, this was sufficient evidence of a certain rent and time of payment to warrant a distress. According to the state of the case submitted to us, there was no agreement between the parties for any specific rent, nor any payment of such a rent from which an agreement could be inferred. There could therefore have been no right of distress in Mrs. Coffin.

Nothing is said in the statute about the sheriff's paying the rent to the landlord. He is expressly forbidden to take the goods, unless the party at whose suit the execution or attachment is sued out, shall pay the rent in arrear, not exceeding one year's rent ; and then the sheriff is required to levy and pay the rent, in addition to the money to be made by virtue of the process. The remedy of the landlord is by action against the sheriff, or if he thinks proper, he may apply to the court, as has been done in this case, to have his rent paid over to him out of the proceeds of the sale in the sheriff's hands, (*Arch. L. & T.* 252.) Unless the sheriff was liable to an action for removing the goods before the rent was paid, the court will not interfere. In the case of *Risely* v. *Ryle*, 11 *Mees. & Wel.* 16, it was expressly ruled by the court of exchequer, that to entitle the landlord to an action against the sheriff, it must appear that the premises were holden at a rent certain, for which the plaintiff might by law distrain. The parties in this case have agreed that the premises were of a certain yearly value ; but in the absence of such agreement, if compensation might be allowed to the landlord in the nature of rent, when the parties themselves had never directly or indirectly fixed any sum, the court would be called on to assume the province of a jury in assessing uncertain damages ; or if in such a case, it was held the duty of the plaintiff in execution to pay, before the sheriff could sell, some mode of assessment would have to be resorted to, before it could be known how much he was to pay. The statute could not have contemplated such a proceeding as that. The language adopted in extending the

landlord's lien to, rent accrued, but not due, serves to strengthen the opposite conclusion. The words are, that the execution creditor shall pay rent "which shall have accrued up to the day of the removal of the goods, whether by the terms of the lease the day of payment shall have come or not." Here a day of payment fixed by a lease is referred to ; words which may perhaps fairly be extended to a parol lease, but which cannot be applied to a case where the landlord's right was merely to a recompense for use and occupation, where there was no rent ascertained and no time established for payment, by any agreement express or implied.

I am therefore of opinion that the rule to show cause must be discharged, with costs.

HAINES, J., concurred.